IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Louise Davenport., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-cv-4918 |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| Frank Bisignano, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum Opinion and Order

*Pro se* Plaintiff Louise Davenport filed a 254-paragraph amended complaint alleging that the Social Security Administration ("SSA") violated her constitutional rights with respect to its denials of five applications for disability benefits stretching back to 2001. (Dkt. 13: Am. Cmplt.) Before the Court is Defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 18: Mot. to Dismiss.) Because the Court does not have jurisdiction over Plaintiff's claims and because she also fails to state a plausible claim for relief, the Court grants the motion and dismisses Ms. Davenport's complaint with prejudice.

---

[1] The Court substitutes Frank Bisignano for his predecessor(s) as the proper defendant in this action pursuant to Federal Rule of Civil Procedure 25(d) (a public officer's successor is automatically substituted as a party).

## I.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing jurisdiction. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020).

Likewise, a motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive, a complaint "must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Fosnight v. Jones*, 41 F.4th 916, 921–22 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage in the litigation, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).

*Pro se* complaints like Plaintiff's are construed liberally. *Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2022). Nonetheless, even *pro se* pleadings must go beyond mere labels and conclusions and "raise a right to relief above the speculative level" to survive a motion to dismiss. *Brockett v. Effingham Cnty.*, 116 F.4th 680, 685 (7th Cir. 2024) (quoting *Twombly*, 550 U.S. at 555). To liberally construe the pleadings is "to give a *pro se* plaintiff a break when, although [s]he stumbles on a technicality, [her] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

Even under this lenient pleading standard, the court must dismiss this action for reasons explained below.

## II.     Background

The crux of Plaintiff's argument is that five[2] of her prior applications for social security disability benefits were denied or otherwise mishandled due to fraud and identity theft. (Am. Cmplt. ¶¶ 2, 3, 6.) Specifically, she contends that SSA employees allowed a third-party adverse to Plaintiff (an individual named David Fleishman), to influence their decisions and make unfair rulings about her claims for disability. (*Id.*) Therefore, she contends that she was deprived of benefits to which she was entitled.

---

[2] Plaintiff states she filed five previous applications for disability benefits but her complaint only describes four, filed in 2001, 2012, 2020, and 2021, which she identifies as applications one, two, four, and five. (Am. Cmplt. ¶¶ 22, 77, 172, 217.) Plaintiff describes "refiling" her first application for benefits in 2009 and apparently considers that her third application, but that matter was actually a continuation of her first application, which was remanded for further proceedings before being ultimately denied. *Davenport v. Astrue*, 417 F. App'x at 547-48.

3

(*Id.*) Plaintiff brings her claims against the Commissioner of Social Security pursuant to 42 U.S. C. § 1983, alleging that by denying her various claims for benefits, the Commissioner violated her Fifth Amendment right to due process. (Am. Cmplt., pg. 1)

As relevant to this case, the Seventh Circuit upheld the denials of Plaintiff's first two applications for benefits, one for failure to exhaust her administrative remedies, *Davenport v. Astrue,* 417 F. App'x 544, 545 (7th Cir. 2011) and one affirming the ALJ's finding that she was not disabled. *Davenport v. Berryhill*, 721 F. App'x 524, 525–27 (7th Cir. 2018). Plaintiff's third application for benefits (which she calls her fourth) was denied at the initial level and she did not pursue an appeal. (Dkt. 19: Mem. in Support of Mot. to Dismiss, "Def. Mem." at 3, Exhs. A, B.)[3]

After Plaintiff filed a fourth application for benefits, the SSA found her disabled and entitled to supplemental security income as of November 23, 2021. (Def. Mem. at 3, Exh. C.) Plaintiff failed to provide requested information necessary to confirm her financial eligibility for benefits under Title XVI, and so the agency denied the award of benefits soon thereafter. *Id.* Plaintiff did not appeal that decision. Instead, she filed the instant action on July 27, 2023 and an amended complaint on August 21, 2023. In her amended complaint, Plaintiff seeks damages of nearly $180,000 for the "insured

---

[3] A court may consider and weigh evidence outside the pleadings in determining whether it has the power to adjudicate an action pursuant to Rule 12(b)(1). *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020).

benefits" she believes she is entitled to from May 1999 to November 2021. (Am. Cmplt. Exh. J.)

## III.    Analysis

As Defendant points out, "a complaint must point to an underlying source of federal law that supplies the plaintiff with a cause of action." *Okere v. United States*, 983 F.3d 900, 903 (7th Cir. 2020) (affirming dismissal for lack of jurisdiction). By seeking monetary damages pursuant to Section 1983, Plaintiff fails to meet this requirement because that statute does not confer jurisdiction over the federal government, which is immune from such claims under the doctrine of sovereign immunity. Additionally, pursuant to Rule 12(b)(6), Plaintiff fails to state a claim for which relief may be granted because *res judicata* and her failure to exhaust administrative remedies bar her claims for disability benefits. Therefore, the Court must dismiss this case.

### A.    Sovereign Immunity

Claims for money damages against the federal government for constitutional torts are barred by the doctrine of sovereign immunity. Plaintiff's sole cause of action alleges constitutional violations by the Social Security Administration. Therefore, the complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Generally, the United States, its agencies, and its officers in their official capacities are entitled to immunity from suit absent an explicit waiver of that immunity.

5

*Hercules, Inc., v. United States*, 516 U.S. 417, 422 (1996); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (actions for money damages against the United States or its agencies generally are barred by sovereign immunity). Waivers of sovereign immunity must be unequivocally expressed and are "strictly construed" in favor of the government. *See United States v. Idaho*, 508 U.S. 1, 6–7 (1993).

Plaintiff brings her constitutional claims pursuant to 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, deprives another of a constitutional right. But Plaintiff cannot bring a claim against federal actors under Section 1983. Federal employees act under federal law, not state law. *See Akbar v. Interstate Realty Mgmt. Co.*, 2022 WL 4286498, at *2 (7th Cir. 2022) ("[Section] 1983 does not reach federal actors."); *see also L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 697 (7th Cir. 2017). For this reason alone, Plaintiff's complaint must be dismissed.

In addition, the Supreme Court has expressly declined to imply a cause of action for damages against federal agencies under the Constitution involving the alleged wrongful denial of Social Security disability benefits. *Schwieker v. Chilicky*, 487 U.S. 412, 423–25 (1988) (declining to imply a Fifth Amendment due process cause of action for money damages against Social Security officials for alleged violations in denying benefits); *see Slabon v. Berryhill*, 751 F. App'x 928, 929 (7th Cir. 2019) (noting that Congress has already provided a comprehensive benefits-appeal scheme under the

6

Social Security Act). Accordingly, the SSA is immune from suit on Plaintiff's Section 1983 claims.

Nor is Plaintiff's constitutional tort claim cognizable under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2671-2680. Although the United States has consented to be sued under the Federal Tort Claims Act for certain torts committed by its employees, such consent does not include constitutional torts. Title 28 U.S.C. § 2679(b)(2)(A) expressly provides that the FTCA "does not extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States." *See also* 14 *Wright and Miller's Federal Practice and Procedure* § 3658.2 at 701–702 (3d ed. 1998) ("[T]he Act does not subject the United States to liability for constitutional tort claims.") In short, the Court does not have subject matter jurisdiction over Plaintiff's case and it must be dismissed.

**B.     The Complaint does not State a Plausible Claim for Relief**

Barred from bringing her constitutional claims against the SSA, Plaintiff's exclusive remedy for review of a denial of disability benefits is 42 U.S.C. § 405(g). That statute permits judicial review of agency decisions but does not allow for claims for money damages against SSA officials. *Slabon*, 751 F. App'x at 929. Plaintiff's claims that the SSA wrongfully denied her various applications for disability benefits cannot survive Rule 12(b)(6) because she fails to state a claim that she is entitled to relief under Section 405(g).

Review pursuant to Section 405(g) is available only after a claimant receives a "final decision" on her claim from the Commissioner of Social Security, which generally occurs after a four-step administrative review process. 42 U.S.C. §§ 405(g), 1383(c)(3);4 see also 20 C.F.R. §§ 404.900(a), 416.1400(a). That process requires a claimant to request, in order: (1) an initial determination, (2) reconsideration, (3) a hearing before an ALJ, and (4) Appeals Council review. See 20 C.F.R. § 404.900(a). The final decision is either the Appeals Council decision or the ALJ's decision if the Appeals Council denies the claimant's request for review. See 20 C.F.R. §§ 404.900(a)(5), 404.981. Only after receiving a final decision may the claimant request judicial review by filing an action in a United States district court. See 20 C.F.R. §§ 404.900(a)(5), 404.981, 422.210.

Plaintiff acknowledges that her first two applications for benefits have been fully adjudicated and the decisions denying her benefits were affirmed by the Seventh Circuit. (Am. Cmplt. ¶¶ 71-75, 131-133.) She is barred by the doctrine of *res judicata* from relitigating these claims. *See Thomas v. Berryhill*, 676 F. App'x 588, 590 (7th Cir. 2017); *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998); 20 C.F.R. § 404.957(c)(1) (*Res judicata* bars relitigation of already-decided administrative claims.)

Plaintiff failed to exhaust her administrative remedies with respect to her 2020 and 2021 applications for benefits. Her allegations concerning her 2020 application primarily allege that SSA employees refused to "reopen" her 2001 application. (Am. Cmplt. ¶ 173.) She offers no facts establishing that she exhausted her administrative

8

remedies with respect to this application. Instead, she states that in May 2022, she received her "fifth and last" denial of disability benefits after to failing to respond to the SSA's request for information. (Am. Cmplt. ¶ 218.)

Defendant confirms that Plaintiff failed to exhaust her administrative remedies with respect to her 2020 and 2021 applications for benefits. (Def. Mem. at 9-10, Exhs. A, B, C.) Specifically, she did not obtain ALJ decisions or request Appeals Council review of either. While normally a court cannot consider documents attached to a motion to dismiss without converting the motion into one for summary judgment in the Seventh Circuit, a narrow exception exists: "the court can consider documents attached to a motion to dismiss if the document is part of the pleadings that are referred to in the plaintiff's complaint, are central to his claim, and are properly authenticated (or authenticity is conceded)." *Markin v. Chebemma, Inc.*, 2010 WL 1191868, at *5 (N.D.Ill.2010). The Court may also take judicial notice of decisions from other courts and administrative agencies without converting the motion to dismiss to one for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997) (collecting cases); *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir.1996) (decisions from other courts and administrative agencies proper subject of judicial notice).

Given Plaintiff's prior administrative and judicial proceedings, the Court finds that none of the allegations in her complaint make out a plausible claim for relief.

Therefore, in addition to dismissing the complaint for lack of subject matter jurisdiction, it also finds dismissal is appropriate under Rule 12(b)(6). As all of Plaintiff's claims are either judicially unviable, barred by the doctrine of *res judicata,* or foreclosed by her failure to exhaust her administrative remedies, the Court finds that the problems with the complaint cannot be fixed by additional pleading. Therefore, the dismissal is with prejudice.

## CONCLUSION

For the above reasons, the Court grants Defendant's motion to dismiss (Dkt. 18) and dismisses the amended complaint (Dkt. 13) with prejudice.

**SO ORDERED.**

**ENTER:**

_____

**LAURA K. MCNALLY**
**United States Magistrate Judge**

**DATED: March 19, 2026**

10